UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DORRIS L. Y. DOOLEY,

    Plaintiff,

  v.          CAUSE NO.: 3:18-CV-202-RLM-MGG

MICHELLE TROYER, et al.,

    Defendants.

## OPINION AND ORDER

Dorris L. Y. Dooley, a prisoner without a lawyer, has filed a complaint against Michelle Troyer, Callie Daniels, and the Elkhart County Superior Court. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Ms. Dooley alleges that, on July 7, 2015, the Elkhart County Superior Court removed her from the county's work release program based on fabricated reports from Callie Daniels and Michelle Troyer, who supervised Ms. Dooley on work release. As a result, Ms. Dooley seeks money damages. Ms. Dooley's claims

are subject to a two-year statute of limitations. *See* Behavioral Inst. of Ind., LLC v. Hobart City of Common Council, 406 F.3d 926, 929 (7th Cir. 2005). Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. Cancer Foundation, Inc. v. Cerberus Capital Management, LP, 559 F.3d 671, 674 (7th Cir. 2009). The complaint focuses on Ms. Dooley's removal from a work release program, which occurred on July 7, 2015. The statute of limitations thus expired two years later on July 7, 2017. Ms. Dooley didn't mail the complaint until November 16, 2017. The complaint must be dismissed as untimely.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary when, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." Carpenter v. PNC Bank, Nat. Ass'n, 633 Fed. Appx. 436, 438 (7th Cir. 2016); Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004); Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, the complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915A.

SO ORDERED on March 26, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT